IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ARNOLD BUSH, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 13-218 |
| ) | |
| ) | Magistrate Judge Maureen P. Kelly |
| BUTLER COUNTY PRISON; WEXFORD ) | |
| PROFESSIONAL SERVICES, ) | Re: ECF No. 5 |
| Defendants. ) | |

## OPINION

**KELLY, Magistrate Judge**

Pending before the Court is a Motion for Preliminary Injunction in the form of a letter filed by Plaintiff Richard Arnold Bush ("Plaintiff"). [ECF No. 5]. Defendant Butler County Prison has filed a Response in Opposition to Motion for Preliminary Injunction, and has included certain exhibits in support of the response. [ECF No. 6]. For the reasons set forth below, preliminary injunctive relief will be denied.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2013, this Court received a letter from Plaintiff indicating he is presently incarcerated at the Butler County Prison awaiting trial and that he is not receiving appropriate medical treatment for diabetes. Plaintiff alleges that he is suffering dangerous insulin levels, that he is not timely tested for glucose and that due to inadequate needles, he has suffered "staff" infections which, in turn, are not being adequately treated. Plaintiff also alleges that he believes he is receiving insulin from a pig, which is against his beliefs, and that he is not being provided a diet appropriate for his medical condition. [ECF No. 5]. Given the emergent nature of

Plaintiff's allegations and his diabetic condition, the Court construed Plaintiff's letter as a Motion for a Preliminary Injunction (the "Motion").  Because the underlying Complaint had not yet been served, on May 1, 2013, the Court ordered the Butler County Solicitor's Office to file a response to the Motion on an expedited basis.

Defendant has provided the Court with excerpts of Plaintiff's medical and dietary records, which indicate that Plaintiff's diabetes is appropriately controlled through both insulin and diet. On December 4, 2012, Plaintiff requested a 2200 calorie diet as opposed to the 1800 calorie diet he was receiving. Plaintiff was seen by a Physician's Assistant to discuss Plaintiff's diabetes and the changes to his diet and insulin levels that were necessary because of his medical condition. [ECF No. 6-1, p.1].  His diet request was approved on December 5, 2012, and Plaintiff was placed on a regular diet on January 22, 2013.  Defendant also has provided the Court with an exemplar "Fingerstick Blood Record Form" for the period August 8, 2012 through August 16, 2012.  Based upon these records, Plaintiff's insulin levels are checked several times a day.  [ECF No. 6-2].  Defendants have also provided records of Plaintiff's medical treatment for wounds in August 2012, September 2012, and October 2012, indicating that each wound was treated with antibiotics and that Plaintiff was instructed as to proper wound care.  [ECF No. 6-3].

Plaintiff's medical records also indicate that in October of 2012, Plaintiff refused to have his blood sugar checked and refused his insulin. [ECF No. 6-3, p. 3].  He was seen in the infirmary and given instructions with regard to insulin and injections, and his fears concerning allergies to needles were also reviewed.  Since October 2012, Plaintiff's medical records show two instances of high blood sugar levels, which were documented and appear to have been properly treated.

Based upon the evidence presented, Defendant Butler County Prison contends that Plaintiff has suffered no harm as a result of the care provided and that he is not at risk of imminent harm sufficient to warrant injunctive relief.

## II.     STANDARD OF REVIEW

Inmate pro se pleadings which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "[f]our factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170–71 (3d Cir. 2001); Emile v. SCI–Pittsburgh, No. 04–974, 2006 WL 2773261, *6 (W.D. Pa. Sept.24, 2006) (denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile, 2006 WL

2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)).

Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909, 96 S .Ct. 3221, 49 L.Ed.2d 1217 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu–Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

## III. DISCUSSION

Based upon this Court's review of the Defendant's response and the medical records provided, it is manifest that Plaintiff cannot show that he will likely succeed on the merits of his claim of imminent harm as a result of the medical treatment currently provided at Butler County Prison.

Moreover, Plaintiff has provided no evidence or facts to support the allegations raised in his motion for extraordinary relief. Thus, based on the documentary evidence provided by the Defendants and Plaintiff's failure to provide any evidence to refute the record, this Court finds that a preliminary injunction should not issue.

## IV.  CONCLUSION

For the foregoing reasons, the Motion for Preliminary Injunction [ECF No. 5] is denied. An appropriate Order follows.

## ORDER

AND NOW, this 6th day of June, 2013, upon consideration of Plaintiff's Motion for Preliminary Injunction and an examination of the record in this matter, including the Response to Motion for Preliminary Injunction filed by Defendants, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction [ECF No. 5] is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.C.2, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.
.

        BY THE COURT:

        /s/ Maureen P. Kelly
        MAUREEN P. KELLY
        UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record by Notice of Electronic Filing

       Richard Arnold Bush
       Butler County Prison

202 South Washington Street
Butler, PA 16001

202 South Washington Street
Butler, PA 16001