IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD ARNOLD BUSH,

       Plaintiff,                     13cv0218

                                     **ELECTRONICALLY FILED**

        v.

BUTLER COUNTY PRISON and
WEXFORD PROFESSIONAL SERVICES,

       Defendants.

## Memorandum Order

### I. Introduction and Procedural History

Plaintiff Richard Arnold Bush ("Plaintiff") initiated this action by filing a Complaint on February 11, 2013, against Defendants Butler County Prison and Wexford Professional Services (collectively "Defendants"). Doc. No. 1. However, Plaintiff failed to pay the required filing fee (at that time $350) or request *in forma pauperis* status. Pursuant to LCvR 72(G), the case was assigned to Magistrate Judge Maureen P. Kelly. Judge Kelly ordered Plaintiff to pay the filing fee or request *in forma pauperis* status. Doc. No. 2. Thereafter, Plaintiff filed a Motion to Proceed *in forma pauperis*. Doc. No. 3. Judge Kelly did not rule on the Motion, instead she ordered Plaintiff to file an Amended Complaint by May 13, 2013, because the Complaint he filed would likely be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Doc. No. 4. Instead of filing an Amended Complaint, Plaintiff filed a Motion for Preliminary Injunction, which Judge Kelly denied. Doc. Nos. 5 & 7. Plaintiff appealed that ruling, at which point this Court was assigned as the presiding Judge for this matter, and this Court affirmed Judge Kelly's ruling. Doc. No. 11.

---

[1] Plaintiff's Complaint is subject to § 1915, not § 1915A, because it seeks redress from both governmental and non-governmental entities. *Hay v. Evins*, 173 F.3d 428 (6th Cir. 1999) (table).

Over four months after Ordering Plaintiff to file an Amended Complaint, and over three months after the deadline for the filing of the Amended Complaint had passed, Judge Kelly issued a Rule to Show Cause on August 22, 2013, which ordered Plaintiff to show cause why the case should not be dismissed for failure to comply with her previous Order.  Text Order of 8/22/13.  Plaintiff filed a Response to the Rule to Show Cause on August 30, 2013.  Doc. No. 14. On September 25, 2013, this Court terminated the referral of Motions to Judge Kelly.  Text Order of 9/25/13.  To date, Plaintiff has failed to file an Amended Complaint.  For the reasons set forth below, this action will be dismissed for failure to prosecute.

## II. Standard of Review

"Both the Federal Rules of Civil Procedure and [the C]ourt's inherent authority to control its docket empower [the Court] to dismiss a case as a sanction for failure to follow procedural rules or court orders."  *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citations omitted).  "No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination."  *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (quoting *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974)).  However, the Court must consider the six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), prior to dismissing an action for failure to prosecute.  *Knoll*, 707 F.3d at 409. Those six factors are

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.

*Asbestos Prods. Liab. Litig.*, 718 F.3d at 246 (citing *Poulis*, 747 F.2d at 868).

"There is no 'magic formula' or 'mechanical calculation' with regard to *Poulis* analysis." *Id*. (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).  No single *Poulis* factor is determinative.  *Id*. (citation omitted).  "Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."  *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (internal quotation marks and citation omitted).

## III. Discussion

In his Response to the Order to Show Cause, Plaintiff stated that he appealed Judge Kelly's ruling regarding the Motion for Preliminary Injunction and that he thought the case had been assigned to a "Judge."  Doc. No. 14.  He further stated that he had received documents from counsel for Defendant Butler County Prison and that he had been sending his documents to this Court.  Id.  He stated that he believed his case was "bound over" for Court, like in a criminal case.  Id.  Plaintiff made some reference to the health care proposed by then First Lady Hillary Clinton in 1994 and attached additional documents to the response.  Id.  Finally, he stated that he did not know what to do next and was not receiving any help.  Id.

The Court now turns to the six *Poulis* factors.  The first factor, the extent of the party's personal responsibility, weighs heavily in favor of dismissal.  Typically, in *pro se* matters, such as the case at bar, all responsibility lies solely with the *pro se* party.  *Ramada Franchise Sys., Inc. v. Patel*, 2004 WL 1246566, *3 (3d Cir. June 8, 2004); *Hayes v. Nestor*, 2013 WL 5176703, *4 (D.N.J. Sept. 12, 2013) (citing *Hunt–Ruble v. Lord, Worrell & Richter, Inc.*, 2012 WL 2340418, *4 (D.N.J. June 19, 2012)); *Hickox v. Blair Cnty.*, 2012 WL 6203015, *1 (W.D. Pa. Oct. 31, 2012) (Pesto, J.) *adopted by* 2012 WL 6203009 (W.D. Pa. Dec. 12, 2012) (Gibson, J.).  Plaintiff admits in his Response to the Order to Show Cause that he is solely responsible for the

conduct of the litigation.  Doc. No. 14.  Therfore, the first factor weighs heavily in favor of dismissal.

The second factor, the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, also weighs in favor of dismissal.  "Plaintiff's failure to file an [A]mended [C]omplaint obviously delays the resolution of this action.  In such instances, dismissal of the case clearly rests in the discretion of the trial judge." *Cadmus v. Wetzel*, 2013 WL 4079935, *2 (M.D. Pa. Aug. 13, 2013) (citing *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hosp.*, 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728 (3d Cir. 2007)).  This delay is prejudicial to Defendants.  As time passes, witnesses may become unavailable and/or their memories may fade.  With respect to Defendant Wexford Professional Services, they have not been served with this lawsuit and any documents they may have relating to this case are at ever increasing risk of being lost.  Therefore, the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor, a history of dilatoriness, weighs in favor of dismissal.  Plaintiff's dilatoriness began when he filed the instant action.  He failed to pay the required filing fee or to submit a motion for leave to proceed *in forma pauperis*.  He only submitted the required motion after Judge Kelly ordered him to do so.  He has continued with this dilatory conduct throughout the litigation.  Instead of complying with Judge Kelly's Order to file an Amended Complaint, he filed a frivolous Motion for Preliminary Injunction.  Doc. No. 5.  He then appealed Judge Kelly's ruling to this Court.  Borrowing from the jurisprudence regarding certificates of appealability, "reasonable jurists could disagree with [Judge Kelly's] conclusion." *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013).  Plaintiff then submitted additional documentation, doc. nos. 12 & 13,

instead of submitting an Amended Complaint.  In sum, Plaintiff continues to act in a dilatory manner with respect to this litigation and the third *Poulis* factor weighs in favor of dismissal.

The fourth *Poulis* factor, whether the conduct of the party or the attorney was willful or in bad faith, is neutral.  In his response, Plaintiff stated that he did not know how to proceed. This is similar to the response of another *pro se* plaintiff to a show cause order issued by Judge Kelly.  *See Riley v. Sec'y Pa. Dep't of Corr.*, 2013 WL 4574380, *3 (3d Cir. Aug. 29, 2013) (citing *Briscoe*, 538 F.3d at 262 n.5).  The United States Court of Appeals for the Third Circuit found that in such circumstances, that the fourth *Poulis* factor should not weigh in favor of dismissal.  *Id*.  However, it also does not weigh against dismissal.  Taking Plaintiff at his word, that he does not know what to do, he failed to seek clarification prior to Judge Kelly's show cause order.  This was over four months after Judge Kelly's original Order directing him to file an Amended Complaint.  Thus, the fourth factor is neutral.

The fifth factor, the effectiveness of alternative sanctions other than dismissal, also weighs in favor of dismissal.  "[C]ourts often look at the financial status of the party to be dismissed to determine whether the threat or imposition of monetary sanctions could prompt compliance with court orders."  *Sisk v. Sussex Cnty.*, 2013 WL 240606, *7 (D. Del. Jan. 22, 2013) (citing *Stubbs v. Bank of Am. Corp.,* 283 F.R.D. 218, 221 (D.Del. 2012)).  In this case, Plaintiff has filed a Motion to Proceed *in forma pauperis*.  Doc. No. 3.  Thus, the threat of monetary sanctions is unlikely to prompt compliance with Orders of this Court.  Furthermore, the United States Court of Appeals for the Third Circuit has held that "where a plaintiff is proceeding *pro se*, and moreover, is proceeding *in forma pauperis*, [the Court of Appeals] ha[s] upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, would not be an effective alternative."  *Briscoe*, 538 F.3d at

262–63 (internal quotation marks and citation omitted); *Riley*, 2013 WL 4574380 at *4; *Javaid v. Weiss*, 2013 WL 5351083, *9 (M.D. Pa. Sept. 23, 2013); *Hickox*, 2012 WL 6203015 at *1. Thus, the Court finds that no alternative sanction would be successful in compelling Plaintiff to comply with this Court's Orders and the fifth factor weighs in favor of dismissal.

The sixth factor, the meritoriousness of the claim or defense, weighs strongly in favor of dismissal. Judge Kelly found that Plaintiff's Complaint was deficient and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court agrees with that assessment. Plaintiff's proposed Complaint (doc. no. 1) does not have any factual allegations whatsoever. The Complaint merely states that Defendants have violated the Americans with Disabilities Act and the non-existent "Fair Medical Treatment Act of 1994." Id. He requests "correct medical treatment, faster medical treatment, and monetary damages." Id. However, his proposed Complaint does not make any allegations with respect to what actions Defendants have taken to violate his rights. His additional documentation (doc. nos. 12 & 13) are of no assistance to Plaintiff. He merely attaches medical records and talks about diabetes. It still fails to meet the basic requirements of Fed. R. Civ. P. 8. Thus, the sixth *Poulis* factor weighs in favor of dismissal.

In sum, the first, second, third, fifth, and sixth *Poulis* factor weigh in favor of dismissal while the fourth factor is neutral. When balancing all of the factors, dismissal is warranted. Thus, the Court must determine whether such dismissal should be with or without prejudice. The Court finds dismissal with prejudice to be the most appropriate remedy. Five of the six factors weigh in favor of dismissal while none weigh against dismissal. Furthermore, by dismissing the claim for failure to prosecute, instead of dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is giving Plaintiff the benefit of the doubt. If the Court were instead

to proceed to his Motion for Leave to Proceed *in forma pauperis*, and then screened the proposed Complaint, it would dismiss the Complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This would count as a strike under 28 U.S.C. § 1915(g), which is a much greater sanction than mere dismissal with prejudice, considering the fact that the claim is meritless. Therefore, after a thorough review of the *Poulis* factors, the Court finds dismissal with prejudice for failure to prosecute is the appropriate action in this case.

**IV. Order**

     **AND NOW**, this 27th day of September, 2013, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT** the above-captioned matter is **DISMISSED WITH PREJUDICE** for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

     **IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (doc. no. 3) is **DENIED AS MOOT**. The Clerk of Court shall mark this **CASE CLOSED**.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record

    Richard Arnold Bush
    Butler County Prison
    202 South Washington St.
    Butler, PA 16001
    *Pro se* Plaintiff